SADIS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___________________
DATE FILED: 11/20/2026

November 19, 2026

**VIA ECF AND EMAIL**
Hon. Nelson S. Román
United States District Court United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: *Knowledge Leaders Capital, LLC, et al. v. AXS Investments LLC*, No. 7:26-cv-08644 (NSR) – Request to Seal

Dear Judge Román:

We represent Defendant AXS Investments LLC ("Defendant" or "AXS") in the above-referenced action. Pursuant to Rule 4.A.iii. of Your Honor's Individual Practices in Civil Cases, Defendant respectfully requests leave to file an unredacted copy of its Rule 7.1 Disclosure Statement (the "Disclosure Statement") under seal, accessible only to the Court and the parties, and to file the Disclosure Statement in redacted form on the public docket.

Defendant proposes redacting only the names of certain non-party individuals and entities that hold indirect membership interests in AXS (the "Non-Party Investors") because of their strong privacy interest in their private investment decisions. Defendant proposes to redact each person's name, not their state of citizenship. Plaintiffs do not oppose this request.

Plaintiffs invoke this Court's jurisdiction solely based on diversity of citizenship under 28 U.S.C. § 1332(a). In a diversity case, Fed. R. Civ. P. 7.1(a)(2) requires a party, "unless the court orders otherwise," to "file a disclosure statement" that "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." For an LLC, that means the citizenship of each of its members, traced through every layer.

AXS is a Delaware limited liability company, and its ownership runs through several layers of limited liability companies. Complying with Rule 7.1(a)(2) therefore requires AXS to list private, non-party individuals and entities who have no role in this dispute and are not accused of any wrongdoing. The list of Non-Party Investors has never been publicly disclosed. The Advisory Committee explained that Rule 7.1(a)(2) is "designed to facilitate an early and accurate determination of jurisdiction" and that a "court may limit the disclosure in appropriate circumstances" including "the names of identified persons." Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment.

Courts in this Circuit apply the three-step framework of *Lugosch v. Pyramid Co. of Onondaga* to determine whether documents should be placed under seal. 435 F.3d 110 (2d Cir. 2006). First, the court asks whether the document is a "judicial document" subject to the right of

public access, meaning one "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, the court weighs the presumption of access to the judicial document according to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Finally, the court balances that presumption against countervailing factors, including "the privacy interests of those resisting disclosure." *Id.* at 120. Sealing is warranted where it is "necessary to preserve higher values" and "narrowly tailored to achieve that aim." *Id.* at 124.

## I. **The Non-Party Investors' Names Carry Little or No Presumption of Access Because They Play No Role in Any Jurisdictional Determination**

Diversity jurisdiction depends on *where* AXS's members are citizens, not *who* they are. The proposed redactions leave every piece of information the Court needs for that determination on the public docket: "the citizenship of—every individual or entity whose citizenship is attributed to" AXS. Fed. R. Civ. P. 7.1(a)(2).

Courts in this District have sealed similar information protecting the identity of investors in a jurisdictional context. In *Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd.*, the court sealed the names of fund investors, reasoning that "there is no evidence that the identities of investors 'directly affect the adjudication' of whether subject matter jurisdiction exists over this action." 2009 WL 2365246, at *6-7 (S.D.N.Y. July 30, 2009) (quoting *Lugosch*, 435 F.3d at 119). The court therefore directed the parties to publicly file motion papers "with the minimum amount of redactions necessary to protect the identity of non-party investors." *Id.* at *7. The court in *Telegram* similarly allowed the sealing of non-party investor information because where the identities are "not relevant to the issues under consideration by the Court," those portions "do not comprise judicial documents" at all. *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *6 & n.3 (S.D.N.Y. June 17, 2020).

## II. **The Non-Party Investors' Privacy Interests Outweigh Any Minimal Presumption of Access**

"[T]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation." *Telegram*, 2020 WL 3264264, at *3 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). As is the case here, "[p]ublic disclosure of the non-parties' identities and specific identifiable information reveals private investment decisions while providing little value to the monitoring of the federal courts. Protecting such private financial dealings is a recognized and protectable privacy interest." *Id.* at *3.

Courts in this District routinely protect the identities of non-party investors. *Id.*; *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (permitting redaction of the identities of non-party investors where their "significant privacy interests" overcame the presumption because their "identities have minimal relevance to the Court's decision"); *Druck Corp. v. The Macro Fund (U.S.) Ltd.*, 2002 WL 31415699, at *1 (S.D.N.Y. Oct. 28, 2002) (directing that non-party fund investors be identified publicly only by pseudonym, with their true names filed under seal).

The Non-Party Investors here stand in the same position. They are holders of indirect interests in AXS. They are not parties, they are not alleged to have engaged in any of the conduct described in the Complaint, and their private investment decisions have no bearing on Plaintiffs' claims. Their privacy interests far outweigh the negligible public interest in knowing their names, particularly because the jurisdictionally relevant facts will be fully public.

## III. The Proposed Redactions Are Narrowly Tailored

Defendant is not seeking to redact from the Disclosure Statement any information relevant to the Court's determination of subject matter jurisdiction. The public version will disclose AXS's response to Part I identifying "any corporate affiliates, subsidiaries, and/or parent corporation and any publicly held corporation owning 10% or more of the stock of any non-governmental corporate party or intervenor." (Rule 7.1 Disclosure Statement Form). It will also disclose the structure of each layer of AXS's membership, the form of each member, and each member's state(s) of citizenship. The only information redacted will be the names of Non-Party Investors whose identities are not already public.

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file the Disclosure Statement under seal and in redacted form on the public docket.

Very truly yours,

/s/ *Douglas R. Hirsch*
Douglas R. Hirsch

Defendant's request for leave to file the disclosure statement under seal and in redacted form on the public docket is GRANTED.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 12.

Dated: November 20, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge